985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Franco Luk SHKRELI, Defendant-Appellant.
 No. 89-50119.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1992.*
Decided Jan. 28, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-88-0717-HLH-1, Harry L. Hupp, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Franco Luk Shkreli appeals his conviction, following a conditional guilty plea, for one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). The only issues on appeal challenge the denial of his motion to suppress evidence. We affirm.
 
 
 3
 The following facts were adduced from the declaration of Los Angeles Police Officer Thomas Hickey filed in opposition to the motion to suppress and his testimony at the suppression hearing:
 
 
 4
 On May 22, 1988, Hickey and his partner, Officer Michael Windsor, were patrolling an area of Los Angeles in which Hickey said he had made some 300 prostitution arrests during the previous year. Hickey and his partner noticed a convertible Mercedes Benz with its top down parked on the street with Shkreli and a woman seated inside it. They parked and walked toward the Mercedes. Upon reaching the car, Hickey observed an ornamental sword, three live nine-millimeter bullet cartridges and one empty nine-millimeter bullet casing in the rear of the passenger compartment. To ensure his and his partner's safety, Hickey ordered Shkreli and his companion out of the car.
 
 
 5
 Hickey patted Shkreli down and found no weapons. Hickey then asked to see Shkreli's driver's license. Shkreli replied that it was in the glove compartment of the car, and gave Hickey consent to retrieve it. Inside the glove compartment, Hickey discovered two loaded firearm magazines. Without Shkreli's consent, Hickey then searched the entire passenger compartment but found no weapons. He retrieved the keys from the ignition and opened the trunk, finding an automatic weapon. After finding the weapon, the officers arrested Shkreli and handcuffed him. Hickey then called his field supervisor, Sergeant Bruce Blake, to the scene.
 
 
 6
 Shkreli sat handcuffed on the curb near the car for approximately ten minutes. During this time Shkreli stated, in response to pre-Miranda questioning regarding the gun by the officers, that he owned it.
 
 
 7
 Hickey and his partner transported Shkreli to the police station. Hickey's partner read Shkreli's Miranda rights en route to the station and Shkreli waived them. Shkreli again admitted that he owned the weapon.
 
 
 8
 Shkreli testified to the following version of the events:
 
 
 9
 Hickey commanded Shkreli and his companion to get out of the car while standing about six feet away from it, thus precluding a view inside the car. There were no bullets in plain view in the rear passenger compartment. Hickey searched the trunk of the car before searching the glove compartment, and did not have Shkreli's consent to search either the trunk or the glove compartment. The officers threatened and attempted to intimidate him and promised him leniency in return for cooperation.
 
 
 10
 The district court accepted Hickey's declaration and testimony as true and rejected Shkreli's version of events where there was a conflict. See United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.), cert. denied, 489 U.S. 1029 (1989) (credibility choices left to the trier of fact).
 
 
 11
 * Probable Cause for Warrantless Search
 
 
 12
 " 'Probable cause to search is evaluated in light of the totality of the circumstances and is found to exist if there is a fair probability that contraband or other evidence of a crime will be found in a particular place.' " United States v. Arias, 923 F.2d 1387, 1389 (9th Cir.), cert. denied, 112 S.Ct. 217 (1991), "If probable cause justifies the search of a lawfully stopped vehicle, then it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." United States v. Ross, 456 U.S. 798, 825 (1982).
 
 
 13
 Here, the judge believed the officer's testimony. At least one of the officers observed three live nine-millimeter bullets and one empty nine-millimeter bullet casing in plain view in the rear of the passenger compartment of Shkreli's car and found two loaded ammunition magazines during a consensual search of the glove compartment. In light of these observations, probable cause existed to look for a weapon, and supported the warrantless search of the trunk. See Ross, 456 U.S. at 825; Arias, 923 F.2d at 1389; see also United States v. Koshnevis, No. 91-50050, slip op. 12833, 12841 (9th Cir. October 27, 1992). Accordingly, the district court did not err when it denied Shkreli's motion to suppress the evidence seized from the trunk.
 
 II
 Voluntariness of Pre-Miranda Statements
 
 14
 Shkreli next argues that the district court erred by denying his motion to suppress his post-Miranda statements because his pre-Miranda statements were involuntary. This court reviews de novo a district court's finding that a statement was made voluntarily. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1048 (9th Cir.1990).
 
 
 15
 "Coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the due process clause."
 
 
 16
 Id. (quoting Colorado v. Connelly, 479 U.S. 157, 167 (1986)).
 
 
 17
 In Oregon v. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985), the Court held that the mere fact that a defendant has once responded to unwarned yet non-coercive questioning does not render his subsequent confession, made after full Miranda warnings and a valid waiver of his rights, inadmissible as a violation of the fifth amendment. Id. at 318, 105 S.Ct. at 1297. The Court observed that the Miranda presumption of compulsion, although irrebuttable for purposes of the prosecution's case in chief, did "not require that the unwarned statements and their fruits be discarded as inherently tainted." Id. at 307, 105 S.Ct. at 1292.
 
 
 18
 Id. at 1048.
 
 
 19
 Here, the record contains no evidence that Shkreli's pre-Miranda statements were coerced by the officers. Because the district court found that neither Hickey nor his partner threatened or attempted to intimidate Shkreli or made any promises of leniency in return for his cooperation, Shkreli's pre-Miranda statements were properly admitted as having been voluntarily made. See Gonzalez-Sandoval, 894 F.2d at 1048-49.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3